**Billy Leu GREGORY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18261.**

United States Court of Appeals
Eighth Circuit.

Aug. 11, 1966.

Rehearing Denied Sept. 16, 1966.

Lee E. Wells, Kansas City, Mo., for appellant.

John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for appellee. F. Russell Millin, U. S. Atty., Kansas City, Mo., was with him on the brief.

Before VOGEL, Chief Judge, MEHAFFY, Circuit Judge, and McMANUS, District Judge.

McMANUS, District Judge.

This is an appeal in *forma pauperis* from a jury conviction on two counts of violating the National Motor Vehicle Theft Act, 18 U.S.C.A. §§ 2312 and 2313. Appellant was sentenced to serve five years concurrently on each count.

Claimed errors in the trial court are:

I. Overruling defendant's motion for judgment of acquittal or new trial because of

(a) Insufficiency of competent circumstantial evidence.

(b) Prejudice from being observed in handcuffs by jurors.

II. Prejudicial admission of evidence of other offenses without proper limiting instruction.

III. Prejudicial reading of reporter's notes of witnesses' testimony and instructions in answer to jury's questions.

We affirm.

### I.

■ Viewing the evidence in the light most favorable to the prevailing party, we are convinced that it is sufficient to support the verdict. Wood v. United States, 361 F.2d 802 (8th Cir. June 2, 1966). The government's case was based entirely on uncontroverted circumstantial evidence, appellant offering no defense or testimony.

The evidence established that on July 4, 1965 prior to 9:00 p. m., appellant, an inmate, escaped from the Vocational Training School at Stringtown, Oklahoma, an honor farm of the Oklahoma State Penitentiary. At approximately 1:45 a. m. on July 7, 1965, a 1963 Dodge car was found wrecked on a street in Durant, Oklahoma, forty miles southwest of Stringtown. Some time later, this car was reported stolen from the owner's yard, fourteen miles southwest of Stringtown. In the wrecked car, a police officer found a pillow case issued by the Oklahoma State Penitentiary, a pair of men's shorts, stamped with the number 70457 (appellant's prison number), a bread wrapper containing red pepper and garlic salt, identified by a prison official as a mixture which would confuse bloodhounds attempting to follow an escapee, and matches issued by the prison canteen to the prisoners.

At approximately 7:00 a. m. on July 7, 1965, a 1962 Chevrolet station wagon (the car involved in the indictment) was reported stolen in Durant, Oklahoma, 5½ blocks from where the wrecked Dodge was found. At approximately 4:30 a.m. on July 10, 1965, the station wagon was found abandoned with its motor running, on a gravel road in a remote section of Harrisonville, Missouri. In the station wagon were found a pair of loafers identified as having been purchased by

appellant the day before in Belton, Missouri, and a Gillette shaving case bearing his latent fingerprints. After daylight, at approximately 7:30 a. m., the Harrisonville authorities found and apprehended appellant, sitting on railroad tracks approximately 600 feet from the abandoned station wagon.

 A review of the uncontroverted evidence satisfies the court that the essential elements of the offenses were established. Substantial evidence tending to prove guilt beyond a reasonable doubt was introduced and "it is not our function to pass upon the credibility of witnesses or to attempt to weigh the evidence and substitute our judgment for that of the trial court." Alexander v. United States, 241 F.2d 351, 355 (8th Cir. 1957).

 Appellant urges the proposition that in order to justify a conviction on circumstantial evidence, the proven circumstances must be such as to exclude every reasonable hypothesis but that of guilt. As noted in Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150 (1954) and cited with approval in Wood v. United States, supra, the better rule would not distinguish between direct and circumstantial evidence in this instance. See also Manual on Jury Instructions—Criminal, 33 F.R.D. 523, 573 (1964). This rationale seems especially valid where, as here, the evidence is undisputed. 8 Moore, Federal Practice, par. 29.06, at 29–21 (2d ed. 1965).

In his post-trial motion and in his brief here, appellant asserts that:

"During the course of the trial, the deputy marshal in charge of custody of defendant caused defendant to be transported from the jail to the courtroom via the public hallways at which time two of the jurors hearing the case saw defendant handcuffed."

No objection was made during the course of the trial.

 To justify a new trial this alleged error must appear to have seriously affected the fairness of the trial.

Blaine v. United States, 78 U.S.App.D.C. 64, 136 F.2d 284 (1943). The burden of proof to sustain this allegation is on the appellant. Odell v. Hudspeth, 189 F.2d 300, 302 (10th Cir. 1951). The handling of the defendant during the trial is best regulated by the trial court and is a matter for its sound discretion. Cwach v. United States, 212 F.2d 520, 527–528 (8th Cir. 1954). For this court to question the discretion of the trial court, the record needs to show something more than the mere fact defendant was handcuffed in the presence of the jury. McDonald v. United States, 89 F.2d 128, 136 (8th Cir. 1937). If, as in the instant case, the record does not show the occurrence was prejudicial, the motion for a new trial will be denied. Hardin v. United States, 324 F.2d 553, 554 (5th Cir. 1963); Guffey v. United States, 310 F.2d 753, 754 (10th Cir. 1962). It is significant that the appellant's claim is based only on an isolated incident. Glass v. United States, 351 F.2d 678, 681 (10th Cir. 1965).

## II.

 The defendant contends the trial court erred in allowing evidence to be introduced of defendant's imprisonment, escape and probable theft of the wrecked Dodge. Under similar circumstances in Fitts v. United States, 284 F.2d 108, 110 (10th Cir. 1960), the court noted, "Evidence of the jail break was undoubtedly competent to show that appellant was in the vicinity of the theft of the automobile." See also Andrews v. United States, 309 F.2d 127, 128–129 (5th Cir. 1962). This evidence was also competent to show intent and motive on the part of appellant and helped to establish the fact that he transported the car. O'Dell v. United States, 251 F.2d 704, 707 (10th Cir. 1958) and see United States v. Welborn, 322 F.2d 910 (4th Cir. 1963) and Manual on Jury Instructions—Criminal, 36 F.R.D. 662, 663 (1965). The evidence sought was relevant and material to the offense charged, went to controverted facts and was admissible. The

court finds without merit, appellant's objection to the trial court's instruction.[1]

### III.

 Appellant's last contention, first raised in his reply brief filed after oral argument, asserts that the trial court erred in prejudicially permitting the reading of reporter's notes of witnesses' testimony and instructions in answer to jury's questions after submission.[2] The appellant's cited case of Henry v. United States, 204 F.2d 817, 820–821 (6th Cir. 1953), is not controlling. In the instant case, the reporter's notes included no "castigating" comments of the trial Judge. It is our view that the trial court did not abuse its discretion in permitting reading of the reporter's notes of the relevant testimony and certain instructions in answer to the jury's questions. Easley v. United States, 261 F.2d 276 (5th Cir.); United States v. Jackson, 257 F.2d 41 (3rd Cir.); 50 A.L.R.2d 176, § 2(a), § 3(a); United States v. Padell, 262 F.2d 357 (2nd Cir. 1958); Maynard v. United States, 94 U.S.App.D.C. 347, 215 F.2d 336, 338–339 (1954).

Appellant, subsequent to the hearing of his appeal, requested appointment of new counsel. The court earlier denied a similar request and is of the view that he has been ably represented, and said request is without merit.

The judgment is affirmed.

1. The trial court instructed:
"You are trying this defendant in this case on the two counts of the indictment I previously advised you of in these instructions and you must confine your attention to the charges contained in these two counts of the indictment. Evidence, if any, which may have been introduced showing any possible connection or intimation of connection of defendant with any other criminal act or confinement or escape from confinement must be disregarded by you except insofar as it may show, if you find it does show, that defendant had any motive or reason to commit the crime with which he is charged in the two counts in the indictment in this case."
To which appellant objected:
"Mr. Wells: The defendant objects to the giving of instruction G–4 on the basis that it re-emphasizes the evidence as to the other crimes allegedly with which the defendant was either involved or in the act of committing or did commit, which is prejudicial."
\* \* \* \* \*
"Mr. Hamilton: But you have no objection to this instruction as it is given except for the fact that you don't think it ought to be submitted in the first instance?
Mr. Wells: That is right. And I don't object to it, of course, insofar as it limits the jury's consideration to the charge against the defendant.
The Court: So that I understand it and the record shows that, your objection to G–4 is that it shouldn't be given because there has not been a submissible jury case made against the defendant?
Mr. Wells: That is correct, Your Honor.
The Court: And that is the extent of your objection?
Mr. Wells: Yes, sir."

2. After the jury retired to consider its verdict, the foreman sent two written questions to the court:
"1. The jury would like to know if the records show that a pillow case and its contents were found in a white over red Dodge in Durant, Oklahoma?"
"2. Does leaving the car in Harrisonville constitute receiving, concealing, or disposing of said car?"