Juan D. HERNANDEZ, Petitioner-
Appellant,

v.

Dr. George J. BETO, Director, Texas De-
partment of Corrections, Respondent-
Appellee.

No. 30085.

United States Court of Appeals,
Fifth Circuit.

April 15, 1971.

Rehearing Denied and Rehearing En
Banc Denied May 12, 1971.

J. M. Hopper, Houston, Tex., for peti-
tioner-appellant.

Crawford Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, THORNBERRY and DYER, Circuit Judges.

DYER, Circuit Judge:

Hernandez appeals from the District Court's denial, after an evidentiary hearing, of his petition for writ of habeas corpus. He asserts a deprivation of his Fourteenth Amendment rights because of the prosecutor's presentation to the state court jury, empaneled to try him for a felony offense, the fact of his two prior convictions, and because of a further violation of his rights in requiring him to stand trial in prison garb. On the latter ground we reverse.

Hernandez was convicted in the Criminal District Court of Harris County, Texas, for having killed a twelve-year-old boy while driving an automobile in an intoxicated condition. This felony offense carries a penalty of from two to five years; however, Hernandez was tried as an habitual criminal because of two prior felony car thefts, and as a result of this third conviction for a felony, he received a life sentence.[1] The two previous convictions were established in accordance with Texas procedure of long standing by stipulation in open court before the jury and by the introduction of certified copies of the judgments and sentences in each case. Counsel for Hernandez in the state trial was not aware, however, of the change in Texas law at the time of trial to the effect that if a defendant offers to fully stipulate as to prior convictions, the state cannot introduce evidence on that point. Pitcock v. State, Tex.Cr.App. 1963, 367 S.W.2d 864. Thus it is argued that there was not even a "deliberate choice of trial strategy" concerning whether Hernandez should testify or exercise his privilege of remaining silent. In the latter event, it is argued the state would have been foreclosed from using rebuttal witnesses, who gave damaging evidence against Hernandez.[2]

Hernandez does not, and indeed could not, charge his trial counsel with incompetency because counsel was unaware of *Pitcock*. That decision by the Texas Court of Criminal Appeals could not have appeared in an advance sheet until only a short time prior to trial. Furthermore, Hernandez' argument that he was deprived of his Fourteenth Amendment rights in publishing his two prior convictions to the jury is foreclosed by Spencer v. State, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606. In that case the Supreme Court had before it three Texas recidivist statute cases and concluded that it did not violate the Fourteenth Amendment for the state to prove the prior convictions in the presence of the jury. The Court recognized that: "By judicial gloss it appears that, at least in noncapital cases, a defendant by stipulating his prior convictions could keep knowledge of them away from the jury. *See* Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864. * * * In the view we take of the constitutional issue before us we consider it immaterial whether or not that course was open to any of the petitioners." *Id.* at 556–557 n. 2, 87 S.Ct. at 650. This view was restated in Burgett v. Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, in which the Court noted that "[t]he rule adopted in *Spencer* went so far as to allow the State to enter evidence on the prior

---

1. The Texas recidivist statute, Vernon's Ann.Tex.Pen.Code art. 63 (1952), imposes a mandatory life sentence upon whomever "shall have been three times convicted of a felony less than capital. * * * "

2. Effective January 1, 1966, Texas passed a new law pursuant to which the jury is not given the recidivist issue until it has first found the defendant guilty under the principal charge. Vernon's Ann. Tex.Code Crim.Proc. art. 36.01 (1966); *see* Tex.Code Crim.Proc.Ann. art. 37.07 (Supp.1970).

crimes even though a defendant might be willing to stipulate the earlier convictions." *Id.* at 117, 88 S.Ct. at 263.

We turn now to Hernandez' assertion of error because he was tried in his prison garb described as a white T-shirt with "Harris County Jail" stamped on the front, and dungarees with the same inscription on both the front and back. Hernandez had worn civilian clothes when he entered the jail, and they were available at all times, but neither he nor his counsel requested that Hernandez be permitted to wear them at the time of trial. No objection was made concerning his appearance. Nevertheless, Hernandez now urges that he was entitled to the garb of innocence instead of the garb of guilt and that he was thus deprived of the due process of law guaranteed by the Fourteenth Amendment.

Appellee counters with the argument that Hernandez made no objection; that counsel for Hernandez, as a matter of trial strategy, expected the defendant's appearance to evoke jury sympathy; and that, in any event, if there was error, it was harmless.

The record makes it abundantly clear that no objection was lodged by counsel to the prison garb worn by Hernandez because, at that time, it was common practice to try prisoners held in jail in their prisoner clothing, and that a motion for a change of attire, in counsel's opinion, would have been denied as frivolous. This is not to say that counsel minimized the prejudice emanating from the accused's appearance, for he opined in the court below that a person tried in clothes that had "Harris County Jail" conspicuously stamped on them "would show an indication of guilt to the jury."

The District Court agreed with counsel's evaluation of the situation and correctly characterized as "rather absolute language" what we said in Brooks v. Texas, 5 Cir. 1967, 381 F.2d 619, that: "It is inherently unfair to try a defendant for [a] crime while garbed in his jail uniform, especially when his civilian clothing is at hand. No insinuations, indications or implications suggesting guilt should be displayed before the jury, other than admissible evidence and permissible argument." *Id.* at 624. The trial judge went on to say: "What was inherently unfair in Brooks v. Texas, *supra*, is also inherently unfair in this case. There is little doubt in this Court's mind that negative inferences can be, and more than likely are, created in the minds of the jurors when the accused is brought into court and tried in prison clothing." We agree.

■ Appellee rests heavily on Xanthull v. Beto, S.D.Tex.1970, 307 F.Supp. 903, in which the court found that trial in jail clothing was not inherently prejudicial. The court in *Xanthull* relied on McFalls v. Peyton, W.D.Va. 1967, 270 F.Supp. 577, aff'd. 4 Cir. 1968, 401 F.2d 890, cert. denied, 394 U.S. 951, 89 S.Ct. 1292, 22 L.Ed.2d 486, which in turn relied on Gregory v. United States, 8 Cir. 1966, 365 F.2d 203, cert. denied, 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676. But *Gregory* is a handcuff case, not a prison garb case, and an analogy cannot be drawn between them. It was for this very reason that the Court took pains in *Brooks* to distinguish Mallonee v. Lanier, 5 Cir. 1966, 354 F.2d 940— also a handcuff case. Brooks v. Texas, *supra*, 381 F.2d at 624. While "[f]reedom from shackling and manacling of a defendant during the trial of a criminal case has long been recognized as an important component of a fair and impartial trial," Odell v. Hudspeth, 10 Cir. 1951, 189 F.2d 300, 302, cert. denied, 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656, it is undoubted that a trial judge has discretion to order that a defendant be handcuffed during trial to prevent his escape, to prevent him from injuring bystanders and officers of the court, or to maintain a quiet and peaceable trial. The wearing of prison garb certainly could have little or nothing to do with security precautions in this case. We conclude that trying Hernandez in his

prison clothing infringed a fundamental right—the presumption of innocence.

The next contention of appellee, that Hernandez was permitted by his counsel to appear in prison garb as trial strategy to evoke jury sympathy, is unsupported in the record. Counsel for Hernandez, while speculating that the jury might react sympathetically in such a situation, frankly conceded that he had not given this a thought and that his view expressed to the court below, was "Monday quarterbacking."

Finally, appellee insists that the District Court properly found that if there was error in trying Hernandez in prison clothing, the error was harmless. The District Court, after determining that the evidence of guilt was overwhelming and that the evidence in support of the defense was almost nil, found that "it cannot be concluded that the trial of petitioner in everyday street clothing would have tipped the balance of the scales of justice in his favor."

■■ The test used by the District Court to determine whether the error was harmless was improper. The quantum of error cannot be measured in terms of tipping the scales of justice. "Our judgment must be based on our own reading of the record and on what seems to us to have been the probable impact of * * * [the prison garb worn by the defendant] on the minds of an average jury." Harrington v. California, 1969, 395 U.S. 250, 254, 89 S.Ct. 1726, 1728, 23 L.Ed.2d 284. Before "a federal constitutional error can be held harmless the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 1967, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705; *cf.* United States v. Manning, 5 Cir. 1971, 440 F.2d 1105; Simpson v. Wainwright, 5 Cir. 1971, 439 F.2d 948.

■ While it is true that the state presented the testimony of three policemen, three children and an adult to the effect that they could smell alcohol on Hernandez, that he staggered, and that his eyes were blurred and misty, it was also shown that he was injured in the accident, was bleeding and that he was taken to the hospital. Under these circumstances we cannot equate the inherent unfairness of being tried in prison garb with harmless error. The probable impact on the jury of Hernandez' appearance in the courtroom makes it impossible for us to declare a belief that it was harmless beyond a reasonable doubt.

We reverse and remand with instructions to grant the writ of habeas corpus unless the state grants Hernandez a new trial within a reasonable time.

Reversed and remanded with instructions.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

■ Appellee's petition for rehearing states, "Surely some burden must be put on the defendant and his attorney to make known that he desires to be tried in civilian clothes before the state can be held accountable for his being tried in jail clothes." We agree, and our opinion is not to the contrary. A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error.

■ In this case Hernandez' counsel did not object to the jail clothing because, from past experience, he thought that a motion for change of attire would have been a frivolous motion. We cannot accept this as a voluntary waiver by Hernandez.

We do not paint with a broad brush these types of cases. Each case must be considered in its own factual context.

The petition for rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is denied.