**Ex parte Emmett Julian KELLY.**

**No. 45860.**

Court of Criminal Appeals of Texas.

July 19, 1972.

Rehearing Denied Oct. 11, 1972.

Stephen T. Elder, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal in a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and Ex parte Young, Tex.Cr. App., 418 S.W.2d 824.

The contention of the applicant is that he was tried in jail clothes and this infringed on his right to be presumed innocent. He was convicted in 1969 for the offense of robbery. His punishment was assessed by the court at thirty-five years. On appeal, this Court affirmed the conviction in Kelly v. State, Tex.Cr.App., 471 S. W.2d 65 (1971). The sufficiency of the evidence was not challenged. The only complaint then was that the trial court erred in overruling his motion for continuance. This was held to be without merit.

The applicant now relies upon Hernandez v. Beto, 443 F.2d 634, 637 (April 15, 1971), where the Court of Appeals for the Fifth Circuit granted relief because Hernandez had been tried in jail clothes. The attorney in that case testified that he did not object to Hernandez being tried in jail clothing because he did not think it would do any good to object.

In the present case, the convicting court held a hearing on the application for habeas corpus. Trial counsel testified that he did not object because he thought such an objection would be overruled. Neither

**774**

counsel nor the applicant objected that he was tried while wearing jail clothing.

Robert R. Scott, an attorney in private practice at the time of the hearing, testified that he was the prosecutor in the court presided over by the Honorable E. B. Duggan when the applicant was convicted. Scott also testified that during the two and one-half years he had prosecuted, Judge Duggan, upon request, would arrange to have any defendant tried in civilian clothes. Further, he testified that the reputation of the Judge prior to the decision in Hernandez v. Beto, supra, was that he would always allow any defendant who so desired to be tried in civilian clothes. Scott also testified that on one occasion before the trial of Donald Lee Hammons, Judge Duggan furnished one of his own suits to Hammons who wore it during the trial.

Similar testimony was given by Fred Fisher, who was bailiff in Judge Duggan's court at the time of applicant's trial in 1969.

Ephraim v. State, Tex.Cr.App., 471 S.W.2d 798, was reversed by this Court because the defendant objected to being tried before the jury in jail clothing. In Hernandez v. Beto, supra, that Court stated:

"A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error."

In Garcia v. Beto, 452 F.2d 655 (5th Cir. 1971), it was noted that often as a matter of strategy one wants to be tried in jail clothing. This was also recognized in Williams v. State, Tex.Cr.App., 477 S.W.2d 24, 27, where this Court held that absent an objection, it is presumed that one was willing to go to trial in jail clothing. We agree with the opinion of the Fifth Circuit that there must be an objection before the matter can be reviewed.

For the reasons stated, the relief sought is denied.