· **Johnny HOLLINS, Petitioner-Appellee,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellant.**

**No. 72-2376**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1972.

Crawford Martin, Atty. Gen., Robert Darden, Asst. Atty. Gen., Austin, Tex., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Johnny Hollins, pro se.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The State of Texas appeals from an order of the district court granting the petition of a state prisoner for the writ of habeas corpus. We vacate and remand.

In a lengthy habeas petition filed below appellee alleged numerous grounds for relief including a contention that the state compelled him to stand trial dressed in prison clothing, despite his

---

* Rule 18, 5 Cir. see Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

requests to change into street clothing. The state responded that the appellee's failure to object at trial constituted a waiver, citing this Court's opinion in Hernandez v. Beto, 5 Cir. 1971, 443 F.2d 634. The district court, without holding an evidentiary hearing, granted the writ, allowing the state to retry appellee within 90 days. The state appeals.

■ It is inherently unfair to try a defendant in prison garb. Brooks v. Texas, 5 Cir. 1967, 381 F.2d 619. This fact alone, however, is not sufficient to set aside a trial. Garcia v. Beto, 5 Cir. 1971, 452 F.2d 655; Hernandez v. Beto, *supra*. In *Hernandez*, this Court stated that a defendant and his attorney must make known that the defendant desires to be tried in street clothing before the state can be held accountable for his being tried in jail clothing. In that case, an evidentiary hearing revealed that "counsel did not object to the jail clothing because, from past experience, he thought that a motion for change of attire would have been a frivolous motion". 443 F.2d at 637. We concluded that a voluntary waiver had not been shown, but noted that each case must be considered in its own factual context. Later, in *Garcia*, this Court reversed a district court order granting habeas relief, finding in the record that trial counsel did not object to the jail clothing because he intended to utilize the defendant's appearance as an element of his trial strategy.

■ In this present case the record does not show that appellee objected to being tried in jail clothing; nor does it show an express waiver on his part. The district court erred in granting relief without considering whether there was a voluntary waiver. We reverse and remand for an evidentiary hearing on this issue and, if necessary, further consideration by the district court of the other issues raised in the petition.

Reversed and remanded.