501 P.2d 263

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Valentino ARCHULETTA, Defendant and Appellant.**

**No. 12900.**

Supreme Court of Utah.

Sept. 21, 1972.

---

Bruce Lubeck, Salt Lake Legal Defenders, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice.

Valentino Archuletta was found guilty by a jury of the crime of having robbed Helmuth K. Sahm, a cab driver after the

latter picked up the defendant as a fare at about 3rd East and 6th South in Salt Lake City on the night of November 13, 1971.

The only issue raised as a basis for reversal is that the court erred in overruling his objection to proceeding with the trial while he was dressed in what he characterizes as "jail clothing."

At the inception of the trial, and in the absence of the jury, defendant's counsel made the objection about his clothing. The proceeding was delayed over a half hour while the defendant and others attempted to find what he claimed was his "own clothing." After the search had failed to produce any such clothing the trial judge stated:

> The court has observed the appearance of Mr. Archuletta and what he is wearing. What I would refer to as a civilian shirt. I don't see anything about that that has to do with the jail. Underneath he has a white T-shirt and is wearing some type of denim overalls. The court is of the opinion that it would not be in any way prejudicial to the trial of this matter and would deny the motion to delay further and we will proceed.

■ The concern of the court is not whether there may be some irregularity, or a failure to meet the desire or convenience of the defendant or his counsel. It is whether the defendant is placed at some such disadvantage or difficulty resulting in prejudice which deprived him of a fair trial in the sense that there is some reasonable likelihood that in its absence there may have been a different result. Inasmuch as it is the responsibility of the trial judge to see that the trial is fairly conducted and he is in the best position to observe such circumstances, the determination of the question just stated must necessarily rest within his sound discretion; and because this reviewing court is in a less advantaged position, we will not reverse his judgment thereon unless it is clearly shown that he has abused his discretion.[1]

■ There is nothing shown in the instant case to persuade us that the trial judge did so abuse his discretion. The defendant's attire, a civilian shirt, a T-shirt, and denim overalls is not of an unusual nature for young men, and it is not necessarily associated with jails. Even if it were, it does not strike us that there would be anything strange, shocking, or prejudicial if the jury became aware that a man who had been arrested and charged with robbery was in custody and being held in jail.

The possibility that the defendant was prejudiced as he claims is further mini-

---

1. State v. Hartman, 101 Utah 298, 119 P.2d 112 (1941); Gregory v. United States, 365 F.2d 203 (8th Cir. 1966); Eaddy v. People, 115 Colo. 488, 174 P.2d 717 (1946).

mized by the fact that the court told the jury in its instruction No. 4 that "the mere fact that the defendant has been charged with this offense and has been held to answer to the charge . . . . is not any evidence of his guilt and is not even a circumstance which should be considered by you in determining his guilt or innocence."

Affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.