Johnny HOLLINS, Petitioner-Appellee,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellant.

No. 74–2190

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1974.

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al. (5th Cir. 1970), 431 F.2d 409, Part I.

**1374**

Ed Idar, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Donald B. McFall, Houston, Tex. (Court-appointed), for petitioner-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

When this case was previously before this court, we remanded for an evidentiary hearing to determine whether appellee voluntarily waived his objections to standing trial in jail garb. Hollins v. Beto, 467 F.2d 951 (5th Cir. 1972). On remand the State of Texas stipulated that no such waiver had voluntarily been made, but took issue with any retroactive application of our trial-in-jail-garb rulings in Brooks v. Texas, 381 F.2d 619 (5th Cir. 1967) and Hernandez v. Beto, 443 F.2d 634 (5th Cir. 1971). The State also contended that any error in Hollins' trial because of his clothing was harmless. *See,* Smith v. Estelle, 498 F. 2d 631 (5th Cir. 1974).

The district court correctly applied *Brooks* and *Hernandez* to this action. Williams v. Estelle, 500 F.2d 206 (5th Cir. 1974). The court also found that this error was not, beyond any reasonable doubt, harmless. In light of the total record developed at this trial, we cannot say that his determination was clearly erroneous. The burning issue was identification. Although several witnesses identified Hollins as the culprit, their testimony is not so compelling as to leave this court with an abiding conviction that the district judge reached the wrong result.

On remand the State should be accorded a reasonable time within which to retry petitioner.

Affirmed.