**Charles A. POWERS,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

No. 74-2824.

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1976.

---

6. 11 Wright & Miller, Federal Practice and Procedure 133–34 (1973).

**1036**

Norman E. Lanford, Houston, Tex. (Court appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Sam R. Wilson, Calvin Botley, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM * and DYER, Circuit Judges, and KRAFT,** District Judge.

PER CURIAM:

Appellant, Powers, was sentenced to life imprisonment by the 179th District Court of Harris County, Texas for the offense of murder with malice, after a jury trial which resulted in a guilty verdict. His conviction was affirmed on his appeal, which did not raise the question later presented by his post-conviction state and federal habeas corpus proceedings.

After exhaustion of his state remedies without avail, Powers filed his application for writ of habeas corpus in the United States District Court for the Southern District of Texas, alleging that he was compelled to stand trial in identifiable prison clothing in violation of his constitutional rights.

The district court held no evidentiary hearing, but fully reviewed the state court indictment, trial transcript, motions and other papers pertinent to its determination. From that review the court found that Powers was tried in prison clothing, but that neither he nor his trial counsel made known to the trial court by any motion or oral objection his alleged wish to be tried in civilian or his objection to being tried in identifiable prison clothing.

The Supreme Court has most recently said: "Accordingly, although the State cannot, consistent with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle v. Williams,* —— U.S. ——, 96 S.Ct. 1691, 48 L.Ed.2d 126, 44 U.S.L.W. 4609 (1976).

The judgment of the district court is affirmed.

---

* Judge Wisdom was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

** Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.