**Bobby Dean GRAY, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 74–3977

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1976.

Donald A. Smyth, Staff Counsel for Inmates, Brazoria, Tex., for petitioner-appellant.

Ed Idar, Jr., Paul R. Gavia, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Bobby Dean Gray appeals from a denial of habeas corpus relief. Gray was convicted in 1963 in Harris County, Texas, after a trial before the jury for the offense of robbery by assault; his sentence was 45 years. In his habeas corpus application Gray contends that he was denied due process of law by being required to wear prison garb during his trial. The federal district court denied relief, holding that the decision to be tried in jail clothes was a conscious one reached by the appellant's attorney as part of trial tactics. We affirm.

The recent United States Supreme Court decision in *Estelle v. Williams*, —— U.S. ——, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), controls the disposition of this case. There, the plurality opinion of the Court held:

> the failure to make an objection to the court as to being tried in such clothes, for whatever reasons, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation.

*Id.* at ——, 96 S.Ct. at 1697 (footnote omitted). Two concurring justices emphasized that the defendant's attorney in the case realized the factual and legal basis for an objection to an accused's trial in jail clothes, but chose not to raise that objection as a result of conscious trial tactics. As the plurality had stated,

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

[u]nder our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the accused and his attorney.

*Id.* at ——, 96 S.Ct. at 1697.

In the present case, it is undisputed that no objection as to Gray's trial attire, which indicated his jail status, was brought to the court's attention. Gray testified during the evidentiary hearing in the district court that he had asked the court bailiff, when the bailiff removed him to the courtroom for trial, what had happened to the clothes he had been wearing at the time of his arrest. At another point in his testimony he described his inquiry of the bailiff as whether he would be allowed to be tried in his civilian clothes. The bailiff allegedly replied that the clothes he had on, *i. e.,* the jail clothes, were "good enough." Other than during this one inquiry of, or exchange with, the bailiff, the defendant spoke to no one concerning what clothes he would wear during trial. Most pointedly, he never discussed the matter with his attorney or the court.

Appellant's trial attorney testified that he was aware that the judge before whom the case would be tried allowed defendants to wear civilian clothes upon request. The attorney also testified that though he could not specifically remember the thought processes he underwent in this trial, as it had occurred in 1963, he did recall that on occasion he had decided as part of trial tactics to have his clients wear prison garb.

The testimony developed at the evidentiary hearing raises no issue of compulsion. Though Gray may not have been privy to the decision, the only reasonable assumption is that the attorney, who was aware of his ability to have his client wear civilian clothes and having at other contemporaneous occasions decided as part of his tactics to have his client wear prison garb, made just such a tactical decision in the present case. The evidence consequently supports the conclusion reached by the district court that this was a tactical decision, and *Estelle v. Williams,* supra, clearly indicates the claimed denial of due process of law was mistaken. *See Scruggs v. Estelle,* 536 F.2d 1038 (5th Cir. 1976); *Powers v. Estelle,* 536 F.2d 1035 (5th Cir. 1976).

The judgment of the district court is AFFIRMED.