**Ex Parte Thomas CLARK, Jr.**

No. 53527.

Court of Criminal Appeals of Texas.

Jan. 12, 1977.

Art L. Keinarth, Huntsville, for appellant.

Ronald L. Wilson, Dist. Atty., and Jack C. Brock, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is a post-conviction writ of habeas corpus brought under the provisions of Art. 11.07, V.A.C.C.P., by the petitioner, an inmate of the Texas Department of Corrections.

Petitioner was convicted for the offense of sale of marihuana on December 10, 1964. The punishment was enhanced by a prior conviction for sale of marihuana and punishment was set at life. The conviction was affirmed on appeal. See Clark v. State, Tex.Cr.App., 398 S.W.2d 763.

Petitioner contends that his Sixth Amendment rights to trial by an impartial jury were denied because he was taken before the jury panel dressed in prison garb and handcuffed to another prisoner.[1]

It appears from the order of the trial court denying petitioner's application that no evidentiary hearing was had, nor were any findings of fact or conclusions of law filed. The application for writ of habeas corpus reveals that petitioner desired no evidentiary hearing, desiring instead to rely on the record in this Court developed at his trial, such record being before this Court on appeal.

■ We find that the issues of fact were fully developed at the original trial and we look to those records.[2]

The record on petitioner's direct appeal reflects that on December 7, 1964, at approximately 3:00 p.m., prior to the selection of a jury in his case, petitioner filed a motion to quash the jury panel, claiming that petitioner had been viewed by the jury panel in handcuffs and prison clothes. Tes-

timony adduced at the hearing on December 8, 1964, on the motion to quash reveals that on December 7 petitioner was brought into the courtroom handcuffed to another prisoner named Eatherly. Both petitioner and Eatherly were dressed in prison attire, consisting of a white "T-shirt" and white duck trousers, with a large "P" stenciled upon both garments. Both of the prisoners were escorted from the back of the courtroom to the "lock-up" in the front of the courtroom by a uniformed and armed officer. In the courtroom at that time were at least part of the jury panel from which the jury for petitioner's trial was selected.

A jury was selected from the jury panel for a sanity hearing for Eatherly. At noon on December 7, when the Eatherly sanity hearing was recessed for lunch, appellant was taken from the "lock-up" and handcuffed to Eatherly in the courtroom. The prisoners were then led from the courtroom in the presence of some of the members of the sanity trial jury who were present in the courtroom at that time.

Later that afternoon, the jury found Eatherly insane. Four of the members of the jury at the Eatherly sanity hearing subsequently served as jurors at petitioner's trial.

A deputy sheriff testified at the hearing on the motion to quash the panel that prisoners may wear any clothes they desire to court if so requested, but that he had no knowledge of whether petitioner had any other clothes at the jail on December 7.

Dorothy Clark, wife of petitioner, testified at the hearing that she was requested to bring civilian clothing to the jail for petitioner, and that she did so on Saturday, December 5, and left them with the jailer. Petitioner was wearing the civilian clothes at the hearing on the motion to quash. The motion to quash was overruled.

Richard Croft, a juror in both petitioner's trial and the Eatherly sanity hearing, testi-

1. While the matter of petitioner being brought before members of the jury in jail clothes was before this Court on direct appeal in 1966, Hernandez v. Beto, 443 F.2d 634, was not decided until 1971.

2. We may take judicial notice of records in this Court "in the same, or related proceedings involving the same or nearly the same parties." Huffman v. State, Tex.Cr.App., 479 S.W.2d 62, 68; Ex parte Flores, Tex.Cr.App., 537 S.W.2d 458.

fied at a hearing on petitioner's motion for new trial. Croft stated that he was in the courtroom when petitioner was led in handcuffed to Eatherly wearing white jail clothes with the letter "P" on them.

In *Hernandez v. Beto,* 443 F.2d 634, 636–637 (5th Cir., 1971, reh. denied), a habeas corpus proceeding, the Court stated:

"We conclude that trying Hernandez in his prison clothing infringed a fundamental right—the presumption of innocence."

*Hernandez* was made retroactive in *Smith v. Estelle,* 498 F.2d 631 (5th Cir., 1971), and *Hollins v. Beto,* 503 F.2d 1373 (5th Cir., 1974), and was followed by this Court in *Ephraim v. State,* 471 S.W.2d 798.

*Hernandez* further held, however, that an accused must object to being tried in jail garments; he may not remain silent and willingly go to trial in such clothes and thereafter claim error. See also *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Gray v. Estelle,* 538 F.2d 1190 (5th Cir., 1976); *Barber v. State,* Tex.Cr.App., 477 S.W.2d 868; *Williams v. State,* Tex.Cr.App., 477 S.W.2d 24.

In the recent decision of *Estelle v. Williams,* supra, the United States Supreme Court stated that the ultimate consideration in this type of case is whether the accused was compelled to stand trial in prison garb and the failure to object to the court by defendant sufficiently negates the presence of compulsion necessary to establish a constitutional violation. In *Estelle v. Williams,* supra, the defendant knew he had civilian clothes available, objected to the sheriff, but no objection was made to the court regarding his attire. Defendant's counsel made references to defendant's prison clothes during voir dire. Thus, a deliberate trial strategy was indicated.

It does not appear if petitioner knew the clothes were available to him on the 7th, although petitioner wore civilian clothes at the hearing on the motion to quash the jury panel on December 8 and, apparently, throughout the rest of his trial. The record does not reveal that petitioner and his attorney knowingly waived petitioner's right to appear in civilian clothes as was the case in *Estelle v. Williams,* supra. See also *Gray v. Estelle,* supra, where the accused knowingly waived an objection because of apparent trial strategy.

Petitioner timely objected after the Eatherly sanity hearing at 3:00 p.m. on December 7 by filing a motion to quash the jury panel. This was the day before petitioner's trial began and before the jury selection. Petitioner seems to have objected at the earliest possible time since his case was not called until the Eatherly sanity hearing was concluded. Clearly, it was not a defensive trial strategy for petitioner to appear in jail clothes before the jury panel handcuffed to Eatherly prior to his trial.

In *Ephraim v. State,* supra, a case similar to the instant case, a defendant was taken before a jury panel in jail clothes. The defendant filed a motion for continuance until a new jury panel could be impaneled, which was overruled. Relying on *Hernandez,* this Court reversed because the defendant had timely objected.

█ Even though petitioner was seen only twice in jail clothing by jurors, and then only for very brief periods, we cannot say that such error was harmless beyond a reasonable doubt. See *Hernandez v. Beto,* supra, and cases there cited; *Ex parte Slaton,* Tex.Cr.App., 484 S.W.2d 102. We hold that petitioner's rights regarding presumption of innocence were violated when members of the jury that ultimately served in his case observed him in jail clothes. The petitioner is entitled to the relief he seeks for the reasons stated. He is entitled to the release from further confinement under the conviction attacked and should be delivered to the Sheriff of Galveston County to answer the indictment in Cause No. 29,677.

It is so ordered.

Opinion approved by the Court.