[No. 11236-8-I.   Division One.   June 20, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. OSCAR
C. STEVENS, *Appellant*.

*Paris K. Kallas* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Greg Hubbard, Deputy,* for respondent.

SCHOLFIELD, J.—Oscar C. Stevens appeals his jury conviction for second degree rape, RCW 9A.44.050(1)(a), and second degree robbery, RCW 9A.56.210, alleging the trial judge violated his constitutional right to be presumed innocent until proven guilty by compelling him over his objection to stand trial in jail attire. We affirm.

Stevens appeared at a preliminary hearing on November 2, 1981, in jail attire, and requested that the jail be ordered to provide suitable clothing for him to wear at his trial the next day or, in the alternative, that clothing be purchased for him at public expense. His attorney informed the court that the only clothes Stevens owned were those he wore the night of his arrest. The trial judge asked the jail officer whether the jail had clothing available for the use of inmates. The officer informed the judge it did not.

The clothing worn by Mr. Stevens at the time of his arrest was being held in the police property room. The deputy prosecuting attorney agreed to obtain the clothing from the police and allow the defense attorney to take the clothing to Stevens in the jail. Stevens' attorney agreed to this arrangement.

The matter was continued until the next day, at which time Stevens again appeared in jail attire. Stevens objected to wearing jail attire, but indicated he was also unwilling to wear his clothes, which had been delivered from the evidence room, because they had been "very poorly kept" and were "filthy" and "soiled." Stevens' counsel requested a continuance from approximately 11:15 a.m. to 1:30 p.m. to permit him to either clean the clothing or purchase suitable clothing at State expense for Stevens to wear at trial. The court refused the requested continuance, and trial commenced immediately.

Stevens' only contention on appeal is that he was denied his constitutional right to a presumption of innocence by being forced to choose to appear before the jury in either jail attire or soiled and disheveled clothing. He contends either alternative would have denied his constitutional right to be presumed innocent; therefore, he was compelled to stand trial in identifiable jail attire. We do not agree.

The State cannot, consistent with the rights guaranteed by the Fourteenth Amendment, compel a defendant to stand trial before a jury dressed in jail attire identifiable by a jury as such. *Estelle v. Williams*, 425 U.S. 501, 48 L. Ed. 2d 126, 96 S. Ct. 1691, *reh'g denied,* 426 U.S. 954 (1976). Convenience for court and jail administrators is no justification for violation of this rule. *Estelle v. Williams*, 425 U.S. at 505; *accord, Hernandez v. Beto,* 443 F.2d 634 (5th Cir.), *cert. denied,* 404 U.S. 897 (1971). Stevens contends the trial judge erred by opting for convenience over his due process rights.

Stevens also contends that because he could not obtain release on bail prior to trial, he was compelled to appear before the jury in jail attire while a defendant who could afford to post bail prior to trial would not be exposed to this deprivation of due process. He relies on cases stating that imposing the condition on one category of defendants, over objection, is repugnant to the concept of equal justice embodied in the Fourteenth Amendment. *Estelle v. Williams, supra* at 505–06; *Griffin v. Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956).

The pertinent facts in *Estelle v. Williams, supra,* are stated at pages 502–03 as follows:

> Unable to post bond, respondent was held in custody while awaiting trial. When he learned that he was to go on trial, respondent asked an officer at the jail for his civilian clothes. This request was denied. As a result, respondent appeared at trial in clothes that were distinctly marked as prison issue. Neither respondent nor his counsel raised an objection to the prison attire at any time.

The Supreme Court held that a defendant may not be compelled to go to trial in identifiable jail attire because of the potential impairment of his right to a presumption of innocence, but ruled that a defendant must object to being tried in jail attire or he would be deemed to have abandoned or waived any claim of error. *Estelle v. Williams,* 425 U.S. at 508.

■ The word "compel" means to be subjected to some coercion, fear, terror, inducement, trickery or threat, either physically or psychologically, blatantly or subtly; the hallmark of compulsion is the presence of some operative force producing an involuntary response. Black's Law Dictionary 256 (5th ed. 1979). Compulsion is forcible inducement to the commission of an act; to act under constraint, objective necessity, or duress. Black's Law Dictionary 260 (5th ed. 1979).

Stevens was not compelled to wear jail clothing. He was given a choice. The record in this case shows the trial judge made arrangements the day before commencement of the trial for Stevens' clothes to be given to him and commencement of the trial was delayed for a period of time adequate for Stevens to wash and press his clothes. His failure to put his clothing into a condition satisfactory to him was his own doing. After one–half day of trial, Stevens again had ample time to wash and press his clothes during the overnight recess, but elected to appear in court the next day in jail coveralls. The existence of choice negates compulsion. The trial judge did not abuse his discretion in denying Stevens' motion for a continuance.[1]

Moreover, Stevens has cited us to no case holding it constitutes reversible error to require a defendant to stand trial in his own clothing or in nonjail attire selected by the State. In *State v. Gilcrist,* 91 Wn.2d 603, 590 P.2d 809 (1979), the defendants, inmates at Walla Walla State Penitentiary, claimed their constitutional rights were violated

---

[1]We note that the defense motion for continuance was not filed within the requirements of CrR 3.3(h)(2), and the State opposed the motion.

when they were compelled to appear at trial wearing slacks, shirts, ties and sport coats selected by the State rather than clothing of their own choice. Our Supreme Court distinguished *Estelle v. Williams, supra,* and held no constitutional rights were violated.

The judgment and sentence are affirmed.

SWANSON and RINGOLD, JJ., concur.

Reconsideration denied July 28, 1983.

Review denied by Supreme Court October 7, 1983.