**UNITED STATES of America, Appellee,**

**v.**

**Anthony James CARTER, Appellant.**

**No. 86–5408.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 27, 1987.

Decided April 10, 1987.

---

Scott Tilsen, Asst. Federal Public Defender, Minneapolis, Minn., for appellant.

Joseph T. Walbran, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Anthony James Carter appeals from a final judgment entered in the District Court[1] for the District of Minnesota upon a jury verdict finding him guilty on two firearms counts in violation of 18 U.S.C. §§ 922(h), 924(a), and 18 U.S.C. App. § 1202(a)(1). The district court sentenced Carter to a term of four years imprisonment. Carter's only argument for reversal is that he was denied his due process right to a presumption of innocence because of the use of a metal detector outside the courtroom during his trial. For the reasons discussed below, we affirm the judgment of the district court.

Carter's arrest and subsequent conviction arose out of a raid, conducted pursuant to a judicial search warrant, on an unlicensed drinking establishment in St. Paul, Minnesota. He was subsequently indicted and tried on charges of receiving and possessing a firearm, having been previously convicted of felonies. During the

two day trial, the United States Marshal's Office placed in a hallway tangential to the courtroom a vinyl woodgrain archway containing a device to detect metal objects. Several court security personnel in blue sport jackets checked jurors and spectators as they came down the hall. Carter alleges the district court abused its discretion in approving the security measures because the precautions were not justified and prejudiced him by destroying the presumption of innocence.

"Although security measures may deprive a defendant of the physical indicia of innocence, generally the need for and extent of security measures during trial are within the discretion of the trial court." *United States v. Gambina*, 564 F.2d 22, 24 (8th Cir.1977) (*Gambina*). The record shows that Carter had been previously convicted of more than one felony, including making terroristic threats and assaulting a police officer. It was Carter's own counsel who drew out the fact that Carter had just been released from jail and had a history of confrontations with police officers. Unknown to the jury, the record also shows that Carter was associated with a youth gang, had undergone a psychiatric examination to determine his competency to stand trial and, on the eve of trial, tore up a blanket, shredded paper, and was involved in a fight with guards. In light of these circumstances, we conclude the district court did not abuse its discretion. *See id.* at 24 (large number of nonuniformed deputy marshals stationed inside and outside courtroom and limiting movement in courtroom of defendant proceeding pro se); *United States v. Jackson*, 549 F.2d 517 (8th Cir.) (plain clothes United States marshals inside and outside courtroom and use of an electric magnometer on spectators entering courtroom), *cert. denied*, 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977); *Gregory v. United States*, 365 F.2d 203 (8th Cir.1966) (defendant handcuffed in presence of jury), *cert. denied*, 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967).

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

Furthermore, the security measures were implemented in a manner which did not deprive Carter of the physical indicia of innocence to which he is entitled. The metal detecting device was placed in a hallway leading to two courtrooms, both of which were in use on the first day of Carter's trial. Carter was always present in the courtroom with counsel and court personnel before jurors entered. The jury was instructed several times concerning the presumption of innocence. Finally, and most significantly, Carter had been seen in handcuffs by three jurors as he was being brought out of an elevator on another floor. Following individualized voir dire of these jurors, defense counsel announced his satisfaction with each of them and made no motion with respect to their removal.[2]

Accordingly, the judgment of the district court is affirmed.

---

**2.** Assuming arguendo that this incident is cognizable on appeal, we find that no prejudice has resulted. *See United States v. Jackson*, 549 F.2d 517, 527 n. 9 (8th Cir.), *cert. denied*, 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977).