UNITED STATES of America,
Plaintiff-Appellee,

v.

Steven Lee FIDELER, a/k/a Louis Ross,
Defendant-Appellant.

No. 71–2386

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 27, 1972.

Rehearing Denied April 24, 1972.

Bill Davis, Houston, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Edward B. McDonough, Jr., Anthony C. Aguilar, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant, apprehended with 279 pounds of marijuana in his possession, was convicted of illegally transporting and concealing the omnipresent weed in violation of 21 U.S.C. § 176a. On appeal he asserts that his conviction should be reversed because (1) his counsel was ineffective and (2) he was tried in prison garb.

Both points lack merit. First, the record reflects that appellant was ably represented by experienced retained counsel. Secondly, he was not tried in a prison uniform. In Hernandez v. Beto, 5th Cir. 1971, 443 F.2d 634, this Court held that trying an accused in a prison uniform violates his right to be presumed innocent. The instant appeal appears to be based on appellant's testimony that when he came to trial he was "dressed like you are when you are sitting around the jail." The Government has informed us that there are no prison

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

uniforms in use in the Webb County jail, where appellant was incarcerated at the time of his trial. Appellant was, therefore, tried either in the clothes he was arrested in or in other clothes he had provided. Appellant has not responded to the Government's explanation of the prison garb issue, and we can find no support in the record other than his ambiguous statement quoted above that he was tried in a prison uniform. In *Hernandez, supra,* the accused was tried in white dungarees and a white T-shirt, both of which were profusely stamped with "Harris County Jail." Thus, references in *Hernandez* to prison "clothing" or "garb" clearly mean an identifiable prison uniform, not civilian clothes belonging to the accused that he happened to be wearing in prison.

Affirmed.