30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie FORTE, Petitioner-Appellant,
v.
William C. SEABOLD, Respondent-Appellee.
 No. 93-5274.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1994.
 
 Before: KEITH, NORRIS, and BATCHELDER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner-Appellant Forte ("Forte") appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 22 U.S.C. Sec. 2254. For the reasons stated below, we AFFIRM the dismissal of Forte's petition.
 
 I. Statement of the Case
 
 2
 In February 1989, the Kentucky State Police ("KSP") and the Pennyrile Narcotics Task Force organized a sting operation to uncover drug dealers. Pursuant to the operation, an informant arranged drug transactions for KSP Trooper Dwayne Barnett ("Barnett"). On February 15, the informant and a drug dealer met Barnett at a predetermined motel where Barnett entered a Gray Chevrolet and purchased a gram of cocaine from Forte for $110.
 
 
 3
 At trial, Forte's defense was that Barnett mistakenly identified him as the February 15 seller. His first trial ended in mistrial. At the second trial, however, the jury convicted Forte of drug trafficking.
 
 
 4
 Because the conviction was Forte's second offense,[1] the court sentenced him to 20 years imprisonment. Forte appealed his conviction to the Kentucky Supreme Court which later affirmed the conviction.
 
 
 5
 Subsequently, Forte filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Kentucky. The district court dismissed Forte's petition with prejudice. Forte requested the court reconsider or amend its judgment. The district court, subsequently, on its own motion, reconsidered its rationale for dismissing one of Forte's claims and found no error. The district court again dismissed the petition with prejudice. This timely appeal followed.
 
 II. Discussion
 
 6
 On appeal, Forte argues the district court erred by:
 
 
 7
 (1) rejecting his assertion that the admission of a drug technician's prior testimony violated his Sixth Amendment right to confrontation; and
 
 
 8
 (2) denying his motion for mistrial after jurors reportedly saw him in prison garb and chains prior to sentencing.
 
 
 9
 We discuss each allegation of error below.
 
 
 10
 This court reviews a petition for writ of habeas corpus de novo. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). We will not issue a writ unless the petitioner demonstrates he received a fundamentally unfair trial or proceeding resulting in his unjust confinement. Id.
 
 A. Confrontation Clause Challenge
 
 11
 We usually do not question errors in the application of state law, especially evidentiary rulings concerning the admission and exclusion of evidence, in habeas corpus proceedings. Cooper v. Sowders, 837 F.2d 284, 287 (6th Cir.1988). We will grant federal habeas corpus relief where a violation of a state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. Id. As the Eleventh Circuit stated, "[t]he standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical, highly significant factor.' " Leverett v. Spears, 877 F.2d 921, 925 (11th Cir.1989).
 
 
 12
 Generally, the Sixth Amendment requires "substantial compliance with the purposes behind the confrontation requirement." Ohio v. Roberts, 448 U.S. 56, 59 (1980) (citing California v. Green, 399 U.S. 149, 166 (1970)). Prior testimony may be introduced at trial where the witness is "unavailable" to testify and where the prior testimony bears "indicia of reliability." Mancusi v. Stubbs, 408 U.S. 204, 210-16 (1972). Before reported testimony can be used, however, the prosecution must demonstrate they made a good faith effort to procure the attendance of the witness. Roberts, 448 U.S. at 74; United States v. Quinn, 901 F.2d 522, 527-28 (6th Cir.1990).
 
 
 13
 We have held that the prosecution's efforts to subpoena a key witness with less than five days before trial and its half-hearted efforts to locate the witness did not constitute a good-faith effort. Quinn, 901 F.2d at 527. "The lengths to which the prosecution must go to produce a witness ... is a question of reasonableness." Roberts, 448 U.S. at 74.
 
 
 14
 At Forte's second trial, testimony of a state police forensic chemist at Forte's first trial was read into evidence. The admitted testimony pertained to the testing and the identification of the controlled substance sold. The record reflects that at the first trial Forte's attorney conducted an adequate cross-examination of the chemist. The prosecutor subpoenaed the chemist to appear at the second trial. Upon being advised the chemist had planned to attend a conference outside the state of Kentucky on the date of the retrial, however, the prosecutor instructed the chemist to ignore the subpoena. At the second trial, the prosecutor moved the court to admit the transcript of the testimony from the first trial and the court granted the motion over defendant's objection.
 
 
 15
 Here, the prosecutor's actions may not constitute a good-faith effort to procure a witness' testimony. During the review of a state trial through habeas corpus proceedings, however, we will only reverse the conviction if a violation of Forte's rights had a "substantial and injurious effect or influence in determining the jury's verdict." Stoner v. Sowders, 997 F.2d 209, 213 (6th Cir.1993) (quoting Brecht v. Abrahamson, 113 S.Ct. 1710, 1711 (1993)).
 
 
 16
 In the instant case, the admitted testimony pertained to the testing and identification of the controlled substance. Forte never disputed that the controlled substance sold was cocaine. Rather, he challenged Barnett's identification of him as the drug seller. This testimony, therefore, did not concern facts at issue and was not material.
 
 
 17
 As Forte correctly notes, in United States v. Quinn, this court held that the admission at trial of a transcript of a government witness' prior testimony from a suppression hearing violated the Confrontation Clause of the Sixth Amendment. 901 F.2d 522 (6th Cir.1990). In Quinn, however, the testimony was crucial to the prosecution because it was the sole evidence connecting the defendant to the drugs recovered. Because the testimony in Quinn was material to the prosecution's case and concerned disputed facts, its reasoning is inapplicable to the instant case. The district court properly concluded the admission of the testimony did not deprive Forte of a fair trial.
 
 B. Due Process Challenge
 
 18
 Forte next argues the district court violated his right to due process by denying his motion for a new trial where jurors viewed him in prison garb and chains. We disagree.
 
 
 19
 The district court rejected this argument finding: (1) Forte failed to object to this error; (2) Forte was not in the courtroom when the jurors saw him in prison garb; and (3) the incident occurred after the jury had returned its guilty verdict, and thus the presumption of innocence was not impaired.
 
 
 20
 Due Process violations predicated on a jury viewing a defendant dressed in prison attire typically exist where the viewing occurs during trial and thereby impairs the presumption of innocence to which the defendant is entitled. See Estelle v. Williams, 425 U.S. 501 (1976); see also United States v. Dawson, 563 F.2d 149 (5th Cir.1977); Clark v. Wood, 823 F.2d 1241 (8th Cir.), cert. denied, 484 U.S. 945 (1987). Here, the record does not indicate any juror actually viewed Forte.[2] If, however, the jurors saw Forte, they did not see him until after a verdict had been rendered, and therefore, the presumption of innocence was not impaired. Moreover, Forte failed to object during trial. The district court properly concluded Forte's due process rights were not violated.
 
 III. Conclusion
 
 21
 For the reasons stated above, we AFFIRM the opinion of the Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, dismissing Forte's petition for writ of habeas corpus.
 
 
 
 [1]
 In 1987, Forte was convicted in federal court of two counts of unlawful possession with intent to distribute and the distribution of marijuana
 
 
 [2]
 As the Kentucky Supreme Court noted, Forte stated "the doors were open and that he saw three members of the jury in the courtroom and two jurors outside the courtroom." JA 33 (Kentucky Supreme Court decision)