# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2010

No. 09-50674
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT HANSMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1908-1

Before GARWOOD, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After Border Patrol agents found marijuana secreted in a truck driven by Robert Hansman, a jury convicted him of importing and possessing with intent to distribute marijuana. Hansman was sentenced to a 60-month prison term to be followed by four years of supervised release. On appeal, Hansman challenges only his conviction.

Hansman first argues that the district court erred in declining to grant a mistrial after one of the Government's witnesses remarked that Hansman had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been detained in jail since he was arrested. In Hansman's view, a mistrial was warranted because the investigator's comment undermined the presumption of innocence. We review for abuse of discretion the district court's denial of a motion for a mistrial. *United States v. McCall*, 553 F.3d 821, 826-27 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2018 (2009). The court will not reverse as long as any error was harmless, meaning that there was not a significant possibility that the evidence had a substantial impact on the verdict. *United States v. Lucas*, 516 F.3d 316, 345 (5th Cir. 2008).

To the extent that the comment was improper because it inappropriately insinuated Hansman's guilt, *see United States v. Dawson*, 563 F.2d 149, 151 (5th Cir. 1977), any error was harmless. The statement was a single, isolated remark, unprompted by the Government, during the course of a two-day trial. *See United States v. Valles*, 484 F.3d 745, 756 (5th Cir. 2007). Moreover, the district court immediately provided a curative instruction, explaining to the jury that the comment was not responsive to the question posed and should be disregarded. No further instruction was requested. We presume that juries follow the court's instructions. *Zafiro v. United States*, 506 U.S. 534, 540 (1993). In addition, there was significant evidence of Hansman's guilt, including that the truck he was driving and claimed to own contained over 50 kilograms of marijuana in a concealed compartment built into the back seat, testimony that he engaged in what was apparently a dry run with the identical truck the week before, testimony that he exhibited nervous behavior both times that he attempted to cross the border, and testimony describing his inconsistent stories. In the context of the proceedings as a whole it is highly unlikely that the witness's brief, isolated remark caused the jury to reach a verdict it otherwise would not have reached.[1]

---

[1] We note that no defense evidence (apart from cross-examination) or witness was presented to the jury.

Hansman next argues that the district court improperly limited defense counsel's cross-examination of one of the Government's witnesses regarding the Government's investigation of a man identified as Omar, who, according to Hansman's pretrial statements, employed him, sold him the truck, and set him up. Hansman does not argue that his Sixth Amendment right to confront witnesses against him was violated; thus, we review for abuse of discretion the district court's decision to limit the cross-examination of the investigator. *See United States v. Ramos*, 537 F.3d 439, 448 (5th Cir. 2008). Hansman must also establish that the district court's limitation clearly prejudiced him. *See United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008). Here, the district court limited the witness's testimony only to the extent that it constituted inadmissible hearsay. Hansman was not limited in eliciting testimony about what the investigator personally knew. Indeed, the witness was permitted to testify that another agent was investigating a man named Omar; however, the witness did not have enough information to know whether it was the same Omar that Hansman identified. Hansman has failed to demonstrate an abuse of discretion or clear prejudice.

Finally, Hansman contends that the district court should have allowed his sole potential witness, the director of nursing at the detention facility where Hansman was held, to testify as to Hansman's medical condition and the medications he was taking at the time he was booked at the detention facility after his arrest.[2] At trial, Hansman's counsel admitted that he did not know whether the nurse participated in Hansman's medical screening when he was booked and that the witness would be testifying solely based on the information on Hansman's intake chart. According to defense counsel, this testimony could

---

[2] Because the court ruled that this potential witness could not so testify, the defense did not call her.

provide a "possible explanation" for the nervous behavior Border Patrol agents testified that Hansman exhibited at the border checkpoint.

We review for abuse of discretion the district court's decision to exclude evidence. *United States v. Arledge*, 553 F.3d 881, 892 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2028 (2009). A district court may exclude even relevant evidence if its probative value is substantially outweighed by the danger of, among other things, misleading or confusing the jury. FED. R. EVID. 403; *United States v. Saldana*, 427 F.3d 298, 307 (5th Cir. 2005).

Assuming that Hansman's medical condition at the time he was taken into custody was relevant, we find that there was no abuse of discretion. There was no indication that the nurse in question either examined Hansman or would be able to explain the significance of the unspecified medical conditions or medications, given that she was not a physician (and was not otherwise shown to be able to do so). The testimony would have had slight probative value and there would have been a high probability of jury confusion. Accordingly, there was no error in the district court's exclusion of this testimony.

Accordingly, the judgment of the district court is

AFFIRMED.