# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2011

Lyle W. Cayce
Clerk

No. 10-50639
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

MICHAEL ANTHONY PENA,

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07–CR–101–1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Pena was convicted by a jury of unlawful possession of a firearm that was not registered to him, in violation of 26 U.S.C. §§ 5861(d) and 5871. He was sentenced to 33 months of imprisonment. Pena raises two issues on appeal: (1) that the district court erred in finding that he was competent to stand trial; and (2) that he was denied the right to a fair trial because the district court permitted him to wear jail clothes during trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We will not reverse a district court's competency determination unless it is "'clearly arbitrary or unwarranted' - a species of clear error review - but this mixed question of fact and law requires us to 're-analyze the facts and take a hard look at the trial judge's ultimate conclusion.'" *United States v. Doke*, 171 F.3d 240, 247 (5th Cir. 1999) (citation omitted).

Pena argues "that the only conclusive testimony provided regarding [his] competence to stand trial was given by his trial attorney." He contends that counsel's testimony was supported by the entirety of the circumstances, including evidence that Pena heard voices, talked to himself, had paranoid delusions, and wandered around his property with firearms strapped to his body.

We conclude that the evidence as a whole—which included two psychiatric evaluations and testimony from one of the evaluating psychiatrists at the competency hearing—provided a sound basis for the court's determination that Pena was competent. *See United States v. Joseph*, 333 F.3d 587, 589 (5th Cir. 2003). Further, it was not erroneous for the district court to rely on the opinions of medical experts over the opinion of Pena's attorney in determining whether a mental disease or defect rendered Pena unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. *See United States v. McKnight*, 570 F.3d 641, 648 (5th Cir. 2009). Based on the evidence in this case, the district court's determination that Pena was competent to stand trial was not clearly arbitrary or unwarranted.

Pena also contends that his trial was fundamentally unfair because he appeared at trial in jail clothes. We disagree.

"The presumption of innocence, although not articulated in the Constitution, is a basic component of our system of criminal justice." *United States v. Dawson*, 563 F.2d 149, 151 (5th Cir. 1977) (citations omitted). A court violates that presumption when it "*compels* an accused to stand trial before a jury while dressed in identifiable prison garb." *United States v. Birdsell*, 775 F.2d 645, 652 (5th Cir. 1985). However, "[i]f, for whatever reason, the defendant

2

fails to object to his attire, the presence of compulsion necessary to establish a constitutional violation is negated." *Id.* (citations omitted).

Here, the record shows that Pena was not compelled to wear jail clothes at any point during his trial, but rather, was admonished by the district court not to wear such clothing due to the prejudicial effect that such attire could have on the jurors. Pena acknowledges that he was given the opportunity to change into other clothing and refused to heed the district court's warnings. There is no indication that Pena did not understand the district court's admonishments. Pena's claim that he lacked the competence to make a rational decision concerning his courtroom attire is unsupported by the record.

The district court's judgment is AFFIRMED.