**592-15**

CASE No. 12-13-00333-CR

IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS

WILBERT WALKER
Petitioner

ORIGINAL

V.

THE STATE OF TEXAS

Petition in Cause No. 12CR-115 from the 349th District Court, Houston County, Texas and THE TWELFTH COURT OF APPEALS, TYLER, TEXAS.

PETITION FOR DISCRETIONARY REVIEW

WILBERT WALKER-ProSe
T.D.C.J. #1891050
Bill Clements Unit
9601 Spur 591
Amarillo, Tx. 79107-9606

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 08 2015
Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS
JUL 10 2015
Abel Acosta, Clerk

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| Table of Contents | 2 |
| Index of Authorities | 4 |
| Statement of the Case Regarding oral argument | 5 |
| Statement of the Case | 5 |
| Statement of Procedural history | 6 |
| Grounds For Review | 6 |
| Point of Error Number ONE | 6 |

The trial court erred in refusing to quash the jury panel After a potential juror informed the jury panel she knew Appellant from his jail commitments.

| Point of Error Number Two | 7 |

The trial court erred in admitting cocaine from an extraneous offense in the punishment phase.

| Point of Error Number THREE | 7 |

The trial court erred in overruling Appellant's Motion to suppress the search and seizure of the controlled substance.

| Point of Error Number FOUR | 7 |

The trial court erred in admitting evidence of Appellant's Criminal history during the guilt/innocence phase of the Trial.

| Argument of Grounds | |
| Argument Ground Number ONE | 8 |
| Argument Ground Number Two | 9 |
| Argument Ground Number THREE | 10 |

Argument Ground Number Four ........................ 11

Prayer for Relief ........................ 12

Appendix ........................ 13

Certificate of Service ........................ 14

# Index of Authorities

## CASES                                                                   Page

Leonard v. United States, 378 U.S. 544 (1964)                              8

United States v. Stratton, 649 F. 2d 1066 (5th Cir. 1981)                 8

Etheridge v. State, 542 S.W. 2d 148 (Tex. Crim. App. 1976)                9

Harrison v. State, 555 S.W. 2d 736 (Tex. Crim. App. 1977)                 9

Davis v. State, 947 S.W. 2d 240 (Tex. Crim. App. 1997)                    10,11

Spight v. State, 26 S.W. 3d 761 (Tex. App-Houston [1st Dist.]             10
2002, no pet.)

Templin v. State, 711 S.W. 2d 30, at 32 (Tex. Crim. App. 1986)           12


## CODES                                                                   Page

U.S. Const. amend. 6                                                       8

U.S. Const. amend. 14                                                      8,9,10,12

U.S. Const. amend. 5                                                       9,12

U.S. Const. amend 4                                                        10

Tex. Code Crim. Pro. Art 37.07 sec. 3(a)(1)                               9

Tex. Pen Code sec. 6.01                                                    9

Tex. Pen. Code sec. 7.01                                                   9

Tex. Health And Safety Code sec. 481.112                                  9

Tex. R. Evid. 404 (b)                                                      11

No. 12-13-00333-CR

IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS

WILBERT WALKER
Petitioner

V.

STATE OF TEXAS

Petition in Cause No. 12CR-115 from the 349th District Court, Houston County, Texas and THE TWELFTH COURT OF APPEALS, TYLER, TEXAS.

PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS:

I, Wilbert Walker, petitions the Court to REVIEW the judgment affirming this conviction for Possession of a Controlled Substance. (Cause No. 12-13-00333-CR).

STATEMENT REGARDING ORAL ARGUMENT:
Oral Argument NOT REQUESTED At this Time.

STATEMENT OF THE CASE:
The petitioner seeks to appeal his conviction and sentence for the offense of felony Possession of a Controlled Substance (Cause No. 12-13-00333-CR). MR. WALKER was indicted on October 23, 2012

Trial Cat. No. 12CR-115

by a Houston County grand jury for the third degree felony offense of Possession of a Controlled Substance. The Indictment futher alleged four prior felony convictions to enhance the punishment range under the Habitual Felony Offender Statute. A jury was selected on October 21, 2013. Presentation of evidence began on October 21, 2013. The jury found Appellant guilty as charged in the indictment. The same jury found the enhancement paragraphs true and sentenced Appellant to 75 years in the Texas Department of Criminal Justice - Institutional Division. Conviction was affirmed by THE TWELFTH COURT OF APPEALS DISTRICT TYLER, TEXAS ON April 30, 2015.

STATEMENT OF PROCEDURAL HISTORY:
The courts of Appeals rendered its desision affirming petitioner's conviction on April 30, 2015. In May 2015 Petitioner requested for time extenting to file an meaningful P.D.R.. The time to file the petition was extended to Friday, July 31, 2015. There was No motion for rehearing filed by Appeal's Counsel.

GROUNDS FOR REVIEW:
1. Point of Error Number One: The trial Court erred in refusing to quash the jury panel after a potential juror informed the jury panel she knew Appellant from his jail commitments. (No record to refer to due to No access to record.) The question is stated as this; During voir dire, a member of the jury panel stated that she remembered Appellant as having been incarcerated repeatedly in the past; This remark was made before the entire jury panel; Appellant has a constitutional right to be tried by an impartial jury so was not his rights violated when the jury panel was made aware

6

of Appellant's criminal history?

2. Point of ERROR Number Two: The trial court erred in admitting cocaine from an extraneous offense in the punishment phase. (NO RECORD to REFER to due to NO ACCESS to RECORD.) The question herein is how can the trial court Allowed the admission of cocaine that was purchased at the petitioner's place of RESIDENCE, despite no evidence of Appellant's involvement as the admission of this evidence violated Appellants due process rights.

3. Point of ERROR Number Three: The trial court erred in overruling Appellant's Motion to suppress the search and seizure of the cocaine. (NO RECORD to REFER to due to NO ACCESS to RECORD.). Therefore, detentions are reasonable so long as they are temporary and last no longer than is NECESSARY to effectuate the purpose of the detention. Prior to the search of petitioner's, officer Fajardo had concluded the state purpose of the traffic stop. The question is the detention became unreasonable when the officer requested the petitioner accompany him to the rear of the car and then conducted a pat down and search; Thus officer's articulated reasons for the pat down and search that do not indicate anything out of the ordinary or the petitioner was involved in criminal activity so the search that disclosed the cocaine was unreasonable constitutionally.

4. Point of ERROR Number Four: The trial court erred in admitting evidence of Appellant's criminal history during the guilt/innocence phase of the trial. (NO RECORD to REFER to due to NO ACCESS to RECORD.). Petitioner is charged with possession of a controlled substance.

7

The question herein is so why was the jury informed that petitioner was on parole for "drugs" during the guilt/innocence phase of the trial so petitioner was unfairly prejudiced by the admission of evidence of criminal activity similar to that for which he was on trial?

## Argument of Grounds:

1. Argument Ground Number One: The United States Constitution guarantees every criminal defendant the right to be tried by an impartial jury. U.S. Const. amend. 6, 14. When a jury panel has been exposed to a prejudicial remark, the panel should be quashed so as to preserve the right to an impartial jury. Leonard v. United States, 378 U.S. 544 (1964); United States v. Stratton, 649 F.2d 1066 at 1081-1082 (5th Cir. 1981). In Leonard prospective jurors were exposed to the guilty verdict returned against the defendant in a prior case. The Supreme Court found that the trial court erred in not quashing the jury panel. Leonard, supra at 544-545. In Stratton, the defendant was tried before the same jury that had already convicted co-defendants under an indictment alleging the defendant as a co-conspirator. In reversing the trial court, the appellate court in Stratton found that even the most minimal standards of due process are violated when the accused is not afforded a trial before a panel of impartial and indifferent jurors. Stratton, supra at 1081-1082. In the present case the entire jury panel was exposed to a juror's knowledge that 20 years prior to the instant trial, petitioner was repeatedly in and out of jail. Following that exposure, petitioner faced the unfair prejudice caused by the inference from this remark that he was a lifetime criminal: he was engaged in crime 20 years

8

ago and now he was currently being tried for a felony offense. A jury panel that has been so informed cannot meet the standards of a fair and impartial jury.

Petitioner requests that the Court sustain Point of Error Number One.

2. Argument Ground Number Two: Tex. Code Crim. Pro. Art 37.07 sec. 3(a)(1) permits, at the punishment phase of the trial, the introduction into evidence of "...an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant..." The offense of delivery of cocaine requires evidence that appellant either delivered or was a party to the delivery of the cocaine. See, Tex. Health and Safety Code sec. 481.112, Tex. Pen. Code sec. 6.01, 7.01. In the instant case the State was permitted to put into evidence the cocaine that the confidental informant obtained from petitioner's residence, with no other facts to tie the cocaine to Petitioner. There was no evidence that Petitioner possessed the cocaine, delivered the cocaine, or was even present at the residence. The State did not come close to meeting the standard of proof beyond a reasonable doubt that Petitioner committed this offense. See, Etheridge v. State, 542 S.W.2d 148 (Tex. Crim. App. 1976); Harrison v. State, 555 S.W.2d 736 (Tex. Crim. App. 1977). However, the State was allowed to introduce and parade this cocaine in front of the jury, and argue in closing argument to the jury, as evidence of a bad act on the part of Petitioner. The introduction of the cocaine deprived Petitioner of his right to due process of law under the 5th and 14th amendments to the U.S. Constitution.

Petitioner requests that the Court sustain Ground Number Two.

9

3. <u>Argument Ground Number Three</u>: A routine traffic stop is a detention and must be reasonable under the 4th and 14th Amendments to the U.S. Constitution. A traffic stop must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Once the reason for the detention is satisfied, the detention may not be used as a fishing expedition for unrelated criminal activity. Detentions become UNREASONABLE when they are not reasonably related in scope to the circumstances which justified the interference in the first place. <u>Davis v. State</u>, 947 S.W.2d 240 (Tex. Crim. App. 1997); <u>Spight v. State</u>, 76 S.W. 3d 761 (Tex. App.-Houston [1st Dist.] 2002, no pet. Petitioner was stopped for not having his tail lights on. That was cleared up in the first few minutes of the stop when Petitioner discovered he had not turned on the lights, and then turned the lights on to the satisfaction of Officer Fajardo. Officer Fajardo stated his intention to give Petitioner a warning for the violation. At the point when Fajardo requested to pat down Petitioner, the purpose of the traffic stop had been accomplished. The pat down <u>was not</u> conducted for officer safety. Fajardo and Petitioner had stood and talked by the driver's side door for nearly a minute without a pat down being performed. Fajardo never stated that he performed the pat down for reasons of officer safety. Indeed, Fajardo expresses the purpose of the pat down by prefacing it by asking Petitioner if he had anything on him he shouldn't have. Fajardo's reasons for expanding the scope of the detention, the "red flags," do not amount to articulable facts justifying that expansion. In <u>Davis</u>, the "red flags" relied upon by the police officers were

quite similar to the instant case in how they are indistinguish-able from innocent conduct: "...appellant was traveling late at night in a borrowed car, appeared nervous, was dressed poorly considering the explanation for travel given, told a story which could be interpreted as being inconsistent with that of his passenger, immediately got out of his vehicle when stopped and went back to the patrol car door, and repeatedly attempted to distance himself from his own vehicle...". Davis, at 242. In reversing the courts below, the Court stated those facts did not amount to anything out of the ordinary or as an indication of criminal activity. Davis, at 246. In the present case, the "red flags" relied upon by Fajardo are: 2 hesitations while answering questions, going to an ATM at 11:30 p.m., and responding to a question about items you may have on your person with "nothing but cigarettes." These articulated facts do not justify an expansion from the purpose of the initial stop (the tail lights being turned off) to a search for contraband on Petitioner's person.

Petitioner pleads, request that the Court sustain Point Number 3.

4. Argument Ground Number Four: Tex. R. Evid 404(b) provides that evidence of other crimes is not admissible to prove the character of a person in order to show action in conformity therewith. Regarding an accused standing trial, the Court of Criminal Appeals has stated: "It is a well established and fundamental principal in our system of justice that an accused person must be tried only for the offense charged and not for being a criminal (or a bad person)

11

generally...[Evidence of Extraneous offenses] carries with it the danger that a defendant in a criminal action may be convicted of an implied charge of having a propensity to commit crimes generally rather than the specific offense for which he is on trial." Templin v. State, 711 S.W. 2d 30, at 32 (Tex. Crim. App. 1986). Petitioner was charge with possession of cocaine. Officer Fajardo's report contained the information that Petitioner was on parole for drugs, an extraneous offense. At the time trial counsel requested that the court redact that information from the exhibit, it had not been shown or published to the jury. This evidence had no relevancy and no possible use to the jury other than as evidence to be used to show Petitioner's bad character and propensity to engage in criminal activity involving drugs. Allowing this evidence to be considered by the jury deprived Petitioner of his right to due process of law under the 5th And 14th amendments to the U.S. Constitution.

Petitioner requests that the Court sustain Point Number Four.

## PRAYER

WHEREFORE, PREMISE CONSIDERED, Petitioner prays this Honorable Court of Criminal Appeals to sustain the points of errors raised above, vacate the judgment and render an acquittal or remand the case for new trial based on the evidence herein. Petitioner prays for such other relief, at law or in equity, he may be justly entitled.

Respectfully Submitted,

William Walker          Pro-Se

# Appendix

A copy of opinion of the court of Appeals is marked Appendox.

Wilbert Walker

T.D.C.J.-ID #1891050

Bill Clements Unit

9601 Spur 591

Amarillo, Tx. 79107-9606

Pro-Se Petitioner


CERTIFICATE OF SERVICE


This is to certify that a true and corret Petition for Discretionary Review is being sent to the Court of Criminal Appeals at P.O. Box 12308, Austin, Texas 78711, in depository under the care and custody of the United States Postal Service on the 28th day of June, 2015.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 30, 2015

NO. 12-13-00333-CR

**WILBERT WALKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 12CR-115)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

## NO. 12-13-00333-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *WILBERT WALKER,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *OPINION*

Wilbert Walker appeals his conviction for possession of a controlled substance. He raises four issues on appeal. We affirm.

### BACKGROUND

A Houston County grand jury returned an indictment against Appellant that alleged he committed the offense of possession of a controlled substance, namely, cocaine. The indictment further alleged that Appellant was an habitual offender. Appellant pleaded "not guilty," and a jury trial was held. The jury found Appellant guilty, found the State's allegations that Appellant was an habitual offender "true," and assessed punishment at seventy-five years of imprisonment. This appeal followed.

### POTENTIAL JUROR STATEMENT

In his first issue, Appellant contends that the trial court erred by refusing to quash the jury panel after a potential juror made a remark relating to his being incarcerated in the past. Because the juror's remark was made before the entire jury panel, Appellant contends he was denied his right to an impartial jury.

## Standard of Review and Applicable Law

We review a trial court's denial of a motion to quash the venire for an abuse of discretion. *See Mendoza v. State*, 552 S.W.2d 444, 447 (Tex. Crim. App. 1977). An abuse of discretion occurs when a trial court's decision is so clearly wrong that it lies outside the zone of reasonable disagreement. *See Gonzalez v. State*, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003).

Among the most precious rights afforded an accused is the right to be tried before an impartial jury with the presumption of innocence fully intact and free of prejudice. *Culverson v. State*, 755 S.W.2d 856, 859 (Tex. Crim. App. 1988) (citations omitted). The presumption of innocence is a fundamental right, and "its enforcement lies at the foundation of the administration of our criminal law." *Taylor v. Kentucky*, 436 U.S. 478, 483, 98 S. Ct. 1930, 1933, 56 L. Ed. 2d 468 (1978); *Ex parte Clark*, 545 S.W.2d 175, 177 (Tex. Crim. App. 1977).

The jury selection process is designed to insure that an intelligent, alert, disinterested, impartial, and truthful jury will perform the duty assigned to it. *Armstrong v. State*, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995). An impartial jury is one that does not favor a party or individual due to the emotions of the human mind, heart, or affections. *See Durrough v. State*, 562 S.W.2d 488, 490 (Tex. Crim. App. 1978).

When a potential juror makes a possibly prejudicial statement in front of the entire panel, the appellant must show harm by demonstrating that (1) other members of the panel heard the remark, (2) potential jurors who heard the remark were influenced to the prejudice of the appellant, and (3) the juror in question or some other juror who may have had a similar opinion was forced upon the appellant. *See Callins v. State*, 780 S.W.2d 176, 188 (Tex. Crim. App. 1989); *Sledge v. State*, No. 12-11-00026-CR, 2012 WL 3104392, at *6 (Tex. App.—Tyler 2012, pet. ref'd) (mem. op., not designated for publication).

## Jury Selection

During the beginning of jury selection, the trial court asked the members of the panel who knew or thought they knew Appellant to identify themselves. After they were identified, the trial court questioned each potential juror regarding their relationship with Appellant and whether their relationship would affect his or her ability to be fair. During this phase of questioning, potential juror number four testified that she remembered Appellant from twenty years ago. When asked whether she could be fair, she stated, "Well, I really don't know. He was in and out, you know, locked up and I don't—we were in business and when he wasn't locked up, you know, he traded

2

with us." The trial court gave no instruction to disregard potential juror number four's statement. Thereafter, the trial court discussed the burden of proof, the presumption of innocence, and the defendant's right not to testify.

In its voir dire, the prosecutor discussed mens rea, possession, witness credibility, drug dealers, drug users, the burden of proof, and factors applicable to determining punishment. The prosecutor informed the panel that the jurors selected to serve on the jury would determine Appellant's punishment if he was found guilty. The following discourse then took place:

> Prosecutor: What's something you would want to know before you decide how much punishment he should get?
>
> . . . .
>
> Potential Juror: I would like to know his criminal history.
>
> Prosecutor: Bingo. Everybody wants to know what their criminal history is.
>
> > Ladies and gentlemen, that may or may not be admissible in the guilt/innocence phase. And why not? Because you don't—you don't want to look at what he's done and say, "Well, since he's done all that, he probably did this."
>
> Potential Juror: Right.
>
> Prosecutor: The only issue at the guilt/innocence phase is did he do this? Have we proved to you beyond a reasonable doubt that on December 14, 2011, he was in possession of cocaine?
>
> > That is the only issue. Then and only then, if you decide he was, you go to his punishment. And then you get to hear, if there is any—I'm not implying that there is, but then and only then do you get to hear criminal history. . . .

At no point during the State's voir dire did anyone refer to potential juror number four's comment about Appellant's being "in and out of jail," or mention that he had a criminal history.

Defense counsel first discussed the presumption of innocence in his voir dire. He asked the panel who believed Appellant was innocent when they walked into the courtroom. The record indicates several potential jurors raised their cards. It is unclear how many potential jurors answered defense counsel's question affirmatively, but several explained their reasoning upon further questioning. Defense counsel also discussed mens rea, the Dallas County District Attorney's Office and the innocence project, the potential jurors' opinions regarding the imprisonment of innocent persons, the burden of proof, and the credibility of police officer testimony. At no point during defense counsel's voir dire, did anyone mention Appellant's criminal history.

3

## Discussion

A statement that makes a jury panel aware of a defendant's prior criminal history is inherently prejudicial. *Abdnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994) (admission of extraneous offenses prejudices defendant because of jury's "natural inclination to infer guilt" to charged offense). But the constitutional right to an impartial jury is not violated by every error. *Jones v. State*, 982 S.W.2d 386, 391 (Tex. Crim. App. 1998). This is because there is no presumption that a defendant is denied due process and an impartial jury when a jury panel has been exposed to his criminal history. *See Murphy v. Florida*, 421 U.S. 794, 799-800, 95 S. Ct. 2031, 2036, 44 L. Ed. 2d 589 (1975) (holding that qualified jurors need not be "totally ignorant," and that "to hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard.") (citations omitted).

Here, the potential juror's statement illustrated that Appellant's criminal history was remote (her knowledge was based on business dealings from twenty years ago). The record does not show that the potential jurors who heard that Appellant had been "in and out of jail" were influenced to Appellant's prejudice. *See Callins*, 780 S.W.2d at 188. Moreover, the record does not show that potential juror number four or some other potential juror who may have shared a similar opinion was forced upon Appellant. *See id.* To the contrary, the trial court granted all but one of defense counsel's challenges for cause, and among those granted challenges was potential juror number four.

Here, potential juror number four's statement did not amount to a structural error, negating a showing of harm. *See Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014) ("A structural error affects the framework within which the trial proceeds[.]"). Only a narrow line of cases have reversed a conviction based on structural error, and we are aware of none that have reversed due to a potential juror's statement during jury selection. *See Johnson v. U.S.*, 520 U.S. 461, 468-69, 117 S. Ct. 1544, 1549-50, 137 L. Ed. 2d 718 (1997) (listing cases involving structural error: total deprivation of right to counsel, lack of impartial trial judge, unlawful exclusion of grand jurors of defendant's race, denial of right to self-representation at trial, right to public trial, erroneous reasonable-doubt instruction to jury) (citations omitted); *Gonzales v. State*, 994 S.W.2d 170, 171 n.4 (Tex. Crim. App. 1999). Thus, there must be a showing of harm in

4

order to determine whether Appellant was deprived of his right to trial by a fair and impartial jury. *See Callins*, 780 S.W.2d at 188.

Appellant did not show, as required by *Callins*, that he was harmed by potential juror number four's statement. *See id.* We conclude that the trial court did not abuse its discretion by denying trial counsel's motion to quash the jury panel. *See Mendoza*, 552 S.W.2d at 447. Accordingly, we overrule Appellant's first issue.

## PRESERVATION OF ERROR

In his second issue, Appellant contends that the trial court erred by admitting cocaine from an extraneous offense during the punishment phase of trial. The State contends that the error was not properly preserved.

### Applicable Law

Error preservation is a threshold issue because challenges to the propriety of trial court rulings must be preserved for appeal. *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) (holding that error preservation is "systemic requirement"). Failure to present a timely and specific request, objection, or motion to the trial court for a ruling results in forfeiture of the right to present the claim on appeal. *See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, 341-42 (Tex. Crim. App. 2004). The requirement that complaints be raised in the trial court (1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006); *Stinecipher v. State*, 438 S.W.3d 155, 159 (Tex. App.—Tyler 2014, no pet.).

In determining whether an objection is sufficiently clear to provide an opportunity to correct the purported error, the appellate court should consider the context in which the complaint was made and the parties' understanding of the complaint at the time. *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). Moreover, an issue on appeal must comport with the objection made at trial, i.e., an objection stating one legal basis may not be used to support a different legal theory on appeal. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). When an appellant's trial objection does not

comport with his argument on appeal, he has forfeited his right to raise the issue. *See Clark*, 365 S.W.3d at 339; *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996).

**Discussion**

In his brief, Appellant argues that the trial court erred in admitting cocaine from an extraneous offense during the punishment phase of the trial because the State did not prove beyond a reasonable doubt that he committed the offense. But at trial, defense counsel's objection to the admission of the cocaine was "I'm going to object to chain of custody and for authentication."

At the time of defense counsel's objection, testimony regarding Appellant's involvement in the controlled buy of the cocaine had already been presented. At no point did defense counsel lodge an objection regarding the State's burden of proof as it pertains to the admission of extraneous offense evidence. It cannot be said that the State or the trial court understood Appellant's objection was related to the State's burden of proof for extraneous offenses during the punishment phase of trial. *See Ford*, 305 S.W.3d at 533.

Appellant's argument on appeal does not comport with his objection at trial. *See Clark*, 365 S.W.3d at 339. Thus, he has forfeited his right to raise this issue on appeal. *See* TEX. R. APP. P. 33.1; *Goff*, 931 S.W.2d at 551. Accordingly, we overrule Appellant's second issue.

## MOTION TO SUPPRESS

In his third issue, Appellant contends that the trial court erred by denying his motion to suppress. He argues, "[T]he search that disclosed the cocaine was constitutionally unreasonable."

**Standard of Review and Applicable Law**

Appellate review of a trial court's ruling on a motion to suppress is ordinarily limited to the record at the time of the suppression hearing. *Turrubiate v. State*, 399 S.W.3d 147, 150-51 (Tex. Crim. App. 2013). But when, as here, the suppression issue has been consensually re-litigated by the parties during trial, our review may include evidence adduced at trial. *Id.* at 151.

A warrantless search is "per se unreasonable subject only to specifically established and well-delineated exceptions." *See Rayford v. State*, 125 S.W.3d 521, 528 (Tex. Crim. App. 2003). A search conducted with the consent of the suspect is one such exception, as long as it is voluntary. *Id.*

Voluntariness is determined by analyzing the totality of the circumstances of the situation from the view of an objectively reasonable person, without regard for the subjective thoughts or intents of either the officer or the citizen. *Tucker v. State*, 369 S.W.3d 179, 185 (Tex. Crim. App. 2012); *Meekins v. State*, 340 S.W.3d 454, 459 (Tex. Crim. App. 2011). In determining voluntariness, the ultimate question is whether the person's "will has been overborn and his capacity for self-determination critically impaired," such that his consent to search must have been involuntary. *Id.*

The voluntariness of a person's consent is a question of fact that the state must prove by clear and convincing evidence. *Valtierra v. State*, 310 S.W.3d 442, 448 (Tex. Crim. App. 2010). A trial court's finding of voluntary consent is reviewed for abuse of discretion, and must be accepted on appeal unless it is clearly erroneous. *Meekins*, 340 S.W.3d at 460.

**The Evidence**

Officer Alfrado Fajardo testified during the hearing on Appellant's motion to suppress and during trial. His testimony at trial showed that it was after 11:00 p.m. when he conducted a traffic stop of Appellant's vehicle because its taillights were not turned on. While Appellant was looking for his driver's license and insurance, Officer Fajardo asked him where he and his passenger were going. Appellant "kind of hesitated for a second . . . and then he sa[id], 'We're going to the bank.'" Officer Fajardo testified that it seemed "odd" that the two men would be going to the bank so late in the evening. He also explained that the way Appellant answered him made him question Appellant's truthfulness.

The video from Officer Fajardo's patrol car was played at trial. The video shows that after receiving the passenger's identification, Officer Fajardo told Appellant that he was going to issue a warning, and asked Appellant to exit the vehicle to look over some paperwork.[1] Once Appellant was outside the vehicle, Officer Fajardo asked Appellant whether he had anything on him that he was not supposed to have. Appellant responded, "No," and Officer Fajardo asked, "Nothing whatsoever?" Appellant responded by mumbling something. At trial, Officer Fajardo testified that it sounded as if Appellant had stated, "[N]othing but some cigarettes."

The video shows that as Appellant was walking towards the back of his vehicle, Officer Fajardo asked him, "Do you care if I pat you down real quick?" Appellant responded by stating

---

[1] The video also shows that prior to Officer Fajardo's conducting the traffic stop, the taillights on Appellant's vehicle were not illuminated.

7

what sounds like, "sure," turned around, lifted his arms to the side, and stood still. Officer Fajardo then conducts a pat down search of Appellant, makes a statement about cigarettes, and after completing the search, tells Appellant he can relax. The video shows that Officer Fajardo then asked Appellant, "Do you care if I see your cigarettes?" Appellant immediately reached into his pocket and handed the box of cigarettes to the officer. As Appellant was taking the cigarettes out of his pocket, Officer Fajardo told him, "Just going to take a quick look and I'll give them back to you." The video shows that Officer Fajardo dropped the box of cigarettes and immediately picked them up. After looking inside, he placed Appellant under arrest.

## Discussion

In denying Appellant's motion to suppress, the trial court found there was probable cause to stop Appellant for a traffic violation and that the search was voluntary.[2] Specifically, the trial court stated, "I haven't heard anything that would raise it to the level of the officer coercing the defendant into doing anything[.]" The evidence adduced at the suppression hearing is consistent with that introduced at trial.

Officer Fajardo's testimony and the video of his interaction with Appellant support the trial court's finding that Appellant consented to the search of the cigarette box, and that Appellant's consent was voluntary. *See Valtierra*, 310 S.W.3d at 448. The record does not show that Appellant's will had been overborn and his capacity for self-determination critically impaired when he handed Officer Fajardo the box of cigarettes. *See Meekins*, 310 S.W.3d at 458. The trial court did not abuse its discretion by overruling Appellant's motion to suppress. Accordingly, we deny Appellant's third issue.

## ADMISSION OF CRIMINAL HISTORY

In his fourth issue, Appellant contends that the trial court erred by admitting evidence of his criminal history during the guilt-innocence phase of trial. The evidence of Appellant's criminal history was contained in Defense exhibit 2.

## Standard of Review and Applicable Law

We review the trial court's admission of evidence for abuse of discretion. *See Mozon v. State*, 991 S.W.2d 841, 846–47 (Tex. Crim. App. 1999). An abuse of discretion occurs when a

---

[2] In his brief, Appellant does not address the fact that Appellant consented to both the pat down search and Officer Fajardo's examination of the cigarette box's contents.

trial court's decision is so clearly wrong that it lies outside the zone of reasonable disagreement. *See Gonzalez v. State*, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003).

A party may claim error in a ruling to admit evidence "only if the party requests the court to restrict the evidence to its proper scope and instruct the jury accordingly." *See* TEX. R. EVID. 105(b)(1). A party that seeks to introduce evidence for a limited purpose must request a limiting instruction at the first opportunity that such an instruction is proper. *See Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). Once evidence is received without a limiting instruction, it becomes part of the general evidence and may be used for all purposes. *See id.*

### Discussion

While cross examining Officer Fajardo during trial, defense counsel introduced Officer Fajardo's offense report into evidence (Defense exhibit 2). Defense counsel did not offer the offense report for a limited purpose, the offense report contained no redactions, and the State did not object to the report's admission. On the next day of trial, defense counsel asked that portions of Defense exhibit 2 discussing Appellant's criminal record be redacted. The trial court denied defense counsel's request. On redirect, Officer Fajardo read aloud the last two sentences of Defense exhibit 2, which stated, "Walker advised me that he was currently on parole for drugs. Runnels, the passenger, said he used to be on parole for DWI."

By failing to offer Defense exhibit 2 for a limited purpose at the first opportunity (when defense counsel proffered the exhibit), it became part of the general evidence and was admitted for all purposes. *See* TEX. R. EVID. 105; *Hammock*, 46 S.W.3d at 895. We conclude that the trial court did not abuse its discretion by admitting Defense exhibit 2. *See Mozon*, 991 S.W.2d at 846–47. Accordingly, we overrule Appellant's fourth issue.

### DISPOSITION

Having overruled each of Appellant's four issues, we *affirm* the judgment of the trial court.

GREG NEELEY
Justice

Opinion delivered April 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

9